UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In the Matter of | : |
| | : |
| VICTORY 83, LLC, and DENNIS WILLIAMS, as Owners of a 1983 65' 12-meter S/V "VICTORY 83," for Exoneration from or Limitation of Liability, Petitioners. | : C.A. No. 20-244JJM : : : : : |

**SUPPLEMENT TO PREVIOUSLY ISSUED REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On June 19, 2020, I issued a report and recommendation ("R+R") (ECF No. 8) arising from the verified[1] Complaint for Exoneration from or Limitation of Liability (ECF No. 1) filed by Petitioners VICTORY 83, LLC, and Dennis Williams, as Owners of a 1983 65' 12-meter S/V "VICTORY 83" (the "vessel") pursuant to 46 U.S.C. § 30501, *et seq.*, based on Fed. R. Civ. P. Supp. Rule F, as well as DRI Local Admiralty Rule ("DRI LAR") F(1).  I am now supplementing the R+R based on a status conference with Petitioners and with counsel for an individual, Anthony Pearce, who is known to Petitioners as the potential claimant against the vessel, and who filed an objection to the R+R.  The status conference was conducted on July 15, 2020, via the Court's Zoom platform.

In this case, Petitioners sought exoneration and limitation of liability from claims based on an incident onboard the vessel during a sailboat regatta on Narragansett Bay on July 21, 2019, during which a seaman (Mr. Pearce) allegedly suffered grievous injuries, including a traumatic brain injury.  In compliance with Fed. R. Civ. P. Supp. Rule F, Petitioners' verified complaint asserted that the post-casualty value of the vessel was $375,000, which valuation they supported

---

[1] On June 18, 2020, a Declaration by Petitioner Dennis Williams verifying the complaint was filed.  ECF No. 7.

with a market valuation survey completed by a marine consultant.[2]  ECF No. 1-1.  Petitioners also filed an *Ad Interim* Security for Value for that amount, plus $1,000 in costs pursuant to DRI LAR F(1).  As permitted by Fed. R. Civ. P. Supp. Rule F(3), having complied with Fed. R. Civ. P. Supp. Rule F(1-2), Petitioners asked the Court to direct the Clerk to issue the notice to potential claimants, to set a bar date for the submission of claims and to enjoin further claims once the bar date passes.  Fed. R. Civ. P. Supp. Rule F(3-4).  Based on Petitioners' compliance with the requirements of Fed. R. Civ. P. Supp. Rule F(1-2), I recommended that the Court immediately issue the notice, set a bar date sixty days after the adoption of my R+R for the filing of claims and issue the requested injunction to cabin claims to those asserted during the sixty-day period.

      In addition to laying out the process for teeing up claims, while providing for security to be deposited with the Court, Fed. R. Civ. P. Supp. Rule F also sets out the procedure for the filing of timely claims in Fed. R. Civ. P. Supp. Rule F(5) and for challenging the sufficiency of Petitioners' security in Fed. R. Civ. P. Supp. Rule F(7) ("Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight.").  In that event, the Rule directs that the Court "shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction."  Fed. R. Civ. P. Supp. Rule F(7).  That is, the orderly procedure set by Fed. R. Civ. P. Supp. Rule F calls for the submission of all claims <u>before</u> the Court entertains motions from claimants challenging the

---

[2] I note that, during the July 15 status conference, Petitioners represented that the marine consultant who opined on the vessel's valuation is of good reputation in the industry and counsel for Mr. Pearce, who are experienced admiralty attorneys, did not disagree.

2

security for the vessel and, if needed, orders a "due appraisement . . . of the . . . vessel" to determine if the security for the vessel's value is sufficient.  Id.

After my R+R issued, on July 2, 2020, counsel for the injured seaman, Mr. Pearce, filed an objection to it for the purpose of challenging the vessel valuation of $375,000 and asking the Court to consider a joint survey of the vessel "so that a fair and just valuation" may be procured.  ECF No. 11.  By Text Order on July 6, 2020, the Court referred the R+R back to me for further proceedings to address the objection.  Based on that directive, I scheduled the case for the status conference with Petitioners and counsel for the injured seaman, which was held on July 15, 2020.

During the conference, several matters became clear.  First, while Mr. Pearce is acknowledged by Petitioners to be the individual who will be asserting a significant claim against the vessel,[3] he has not yet formally filed it pursuant to Fed. R. Civ. P. Supp. Rule F(5), making his objection premature.  Second, the basis for Mr. Pearce's objection is the belief of his counsel that the marine consultant may have overlooked that the vessel had been outfitted with new sails just prior to the incident, which should have resulted in a higher total value, as well as that the overall market value of the vessel was understated, particularly where the vessel is forty years old and unique (an America's Cup challenger), so that ascertaining its true market value is a difficult task on which experts might differ.[4]  At the same time, it was also clear that Mr.

---

[3] Petitioners advised that they are eager to confer with Mr. Pearce's counsel to explore the possibility of resolution of the Pearce claim, once its amount is known.

[4] At the outset of the status conference, counsel for Mr. Pearce attacked the survey as having been prepared by a surveyor who was not acting in good faith.  However, as the discussion continued, it became clear that this argument reflects a substantive disagreement with the valuation, appropriate to be litigated pursuant to Fed. R. Civ. P. Supp. Rule F(7).  The conference also developed that there is likely to be cooperative dialog about valuation in that Petitioners agreed to follow up with their marine consultant about whether there were new sails and whether they were considered, as well as to cooperate with counsel for Mr. Pearce with respect to the exchange of information regarding comparable sales that did or should form the basis for a valuation opinion.

Pearce's arguments are properly asserted <u>after</u> he has stated his claim (which he has not yet done). Indeed, the discussion revealed the likelihood that, once the issue is joined pursuant to Rule F and if the valuation disagreement persists despite the cooperative discussion mentioned in footnote 4 *supra*, the parties will agree to a joint survey to be ordered by the Court pursuant to Fed. R. Civ. P. Supp. Rule F(7). What remains is Mr. Pearce's desire to avoid undue delay; consistent with this concern, he challenged the R+R's recommendation of a sixty-day delay until the bar date. Both Petitioners and counsel for Mr. Pearce represented to the Court that they believe that this is a "single claim case," in that Mr. Pearce is the only individual who was injured in the incident and, therefore, his will be the only claim. Therefore, they concur that sixty days is not necessary.

Based on this conference, with the consent of Petitioners and counsel for Mr. Pearce, I am supplementing the previously issued R+R to shorten the time between the Court's adoption of it and the bar date from sixty days to thirty days. Specifically, I now recommend:

> That this Court forthwith issue an Order Restraining Suits, Approving Petitioners' Security, and Directing Issue of Notice and the Filing of Claims, which shall be based on the form appended to Petitioners' verified complaint (ECF No. 1-3), provided that the bar date to be included on page 2 of the said Order shall be set by the Court by incorporating the date that is <u>thirty</u> days following the Court's adoption of the R+R.

Otherwise, the balance of my recommendation stands unchanged. Accordingly, I urge the Court to proceed forthwith[5] as follows:

- That this Court forthwith issue an Order Restraining Suits, Approving Petitioners' Security, and Directing Issue of Notice and the Filing of Claims, which shall be based on the form appended to Petitioners' verified complaint (ECF No. 1-3), provided that the bar date to be included on page 2 of the said Order shall be set by the Court by incorporating the date that is <u>thirty</u> days following the Court's adoption of the R+R;

---

[5] As discussed with Petitioners and counsel for Mr. Pearce during the conference, I am submitting this as a supplement to the original R+R; I am not issuing a new R+R. This mechanism allows the Court to act without waiting out a second objection period, which would result in further unnecessary delay.

4

- That this Court approves the *Ad Interim* Security for value and costs in the total amount of $376,000 plus six percent interest per annum, which represents (a) the $375,000 value of Petitioners' interest in the vessel post-casualty, and (b) Petitioners' obligation to provide costs, in compliance with Fed. R. Civ. P. Supp. Rule F(1) and DRI LAR F(1);

- That, pursuant to Fed. R. Civ. P. Supp. Rule F(3), any and all lawsuits, causes of action, and claims against Petitioners and their property arising out of the July 21, 2019, casualty on their vessel, except in this civil action, shall cease and be enjoined;

- That, pursuant to Fed. R. Civ. P. Supp. Rule F(4) of the Federal Rules of Civil Procedure, notice shall issue to all persons asserting claims with respect to this incident admonishing them that they will be defaulted unless they file their respective claims on or before a date that is sixty days following this Court's adoption of the R+R;[6] such claims shall be timely filed with the Clerk of the United States District Court for the District of Rhode Island, with a copy of such claims served on Petitioners' attorneys, Frederick Lovejoy, LOVEJOY & ASSOCIATES, 1536 Westminster St., Providence, RI  02902 (email: lovejoyadm@aol.com);

- That, pursuant to Fed. R. Civ. P. Supp. Rule F(4), the notice shall be published in the Newport Daily News once a week for four successive weeks prior to the date fixed for filing claims, and Petitioners shall mail a copy of the notice, by the day of the second publication, to every person known to have made any claims against the vessel or Petitioners arising out of the casualty on July 21, 2019.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
July 16, 2020

---

[6] Pursuant to Fed. R. Civ. P. Supp. Rule F(4), the specific bar date is to be set by the District Court upon adoption of the R+R.

5